[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12451

Non-Argument Calendar

_____

PEOPLE'S PARTY OF FLORIDA,
ELISE MYSELS,
CAROLYN WOLFE,
VICTOR NIETO,

Plaintiffs-Appellants,

*versus*

FLORIDA DEPARTMENT OF STATE, DIVISION OF ELECTIONS,
FLORIDA SECRETARY OF STATE,
in his official capacity,
PASCO COUNTY SUPERVISOR OF ELECTIONS,
in his official capacity,

2                    Opinion of the Court                    22-12451

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01274-TPB-MRM

————————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

On June 3, 2022, the Appellants—the People's Party of Florida, a newly recognized political party; Carolyn Wolf and Victor Nieto, two officers of the political party; and Elise Mysels, a People's Party candidate seeking to be placed on the ballot—filed suit to enjoin Florida from enforcing Fla. Stat. § 99.021. Section 99.021 requires a candidate to sign an oath that she has been a member of her political party, and not a member of another political party, for the 365 days before the beginning of the applicable qualifying period to appear on the ballot.[1] The People's

---

[1] Fla. Stat. § 99.021(1)(b) provides that

any person seeking to qualify for nomination as a candidate of any political party shall, at the time of subscribing to the oath or affirmation, state in writing . . . [t]hat the person has been a registered member of the political party for which he or she is seeking nomination as a candidate for 365 days before the

22-12451               Opinion of the Court                    3

Party was recognized by the State of Florida as a minor political party as of September 1, 2021. The Appellants claimed that they are injured by Florida's refusal to recognize the People's Party as a political party for the purpose of running candidates for federal, state, or multicounty district office until after September 1, 2022, due to the 365-day waiting period in § 99.021.

The district court denied the Appellants' motion for a preliminary injunction on June 22, finding that the Appellants failed to establish a substantial likelihood of success on the merits or irreparable injury, that the requested injunction disserved the public interest, and that the harm to the public interest outweighed any harm to the Appellants. The Appellants moved for reconsideration, which the district court denied in a paperless order in July 2022. The Appellants timely appealed, filing a motion to expedite, which we granted.

beginning of qualifying preceding the general election for which the person seeks to qualify.

Section 99.021(1)(c), in turns, provides that

any person seeking to qualify for office as a candidate with no party affiliation shall, at the time of subscribing to the oath or affirmation, state in writing that he or she is registered without any party affiliation and that he or she has not been a registered member of any political party for 365 days before the beginning of qualifying preceding the general election for which the person seeks to qualify.

While the appeal has been pending, however, Florida filed a motion to dismiss the appeal as moot because, according to the state, we cannot afford the Appellants meaningful relief because Mysels is not a qualified candidate under Florida law even if she were to prevail in this Court.

It is undisputed that the period for candidates to qualify closed on June 17, 2022—two weeks after the Appellants filed this action below. To qualify for a political party's nomination for a partisan office, a candidate must satisfy five separate requirements, only one of which the Appellants challenge here. The other, unchallenged, requirements include, among other things, paying a filing fee or submitting petitions with a requisite number of signatures, appointing a campaign treasurer, and filing a financial disclosure. Fla. Stat. § 99.061(7)(a). It is also undisputed that Mysels, the sole People's Party candidate identified by the Appellants, did not meet any of these requirements by the June 17 deadline.

Florida argues that, given Mysels' failure to meet these unchallenged ballot qualifications, she would remain unqualified even if we were to enjoin enforcement of the 365-day rule, and so the case is moot. The Appellants respond that even if Mysels cannot obtain relief, the other Appellants can, including a declaratory judgment that the 365-day rule is unconstitutional. For the reasons explained below, we agree with Florida that this appeal is moot and dismiss it accordingly.

22-12451              Opinion of the Court                 5

Under Article III of the U.S. Constitution, our jurisdiction is limited to "cases and controversies." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotations omitted). One strand of this justiciability doctrine is mootness, which requires that a controversy "be extant at all stages of review, not merely at the time the complaint is filed."[2] *Id.* at 1190 (*citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).

Here, the passage of the June 17 qualification deadline and Mysels's failure to satisfy any of the unchallenged qualifications render the case moot. Because Mysels would remain unqualified even if we enjoined enforcement of Fla. Stat. § 99.021's 365-day rule, there is no meaningful relief to offer the Appellants. Although the Appellants technically seek relief beyond enjoining enforcement of the law and qualifying Mysels for the November 2022 ballot—including a declaratory judgment—the only concrete injury the Appellants allege is the impossibility of Mysels qualifying as a candidate for the November 2022 election. Tellingly, the Appellants have failed to identify any other People's Party member

---

[2] Article III standing, in contrast to mootness, is assessed only at the outset of the litigation. *Focus on the Family v. Pinellas Suncoast Trans. Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003).

in Mysels' predicament or any other aspiring-candidates at all—even in response to Florida's motion to dismiss. If we were to reverse the district court and grant injunctive relief, the only identified would-be candidate, Mysels, would still be ineligible to appear on the 2022 ballot based on other (unchallenged) portions of Florida's ballot access laws. Thus, we "can no longer give the [Appellants] meaningful relief." *Jews for Jesus*, 162 F.3d at 629.

Moreover, the fact that the Appellants seek declaratory relief, in addition to an injunction, does not save the case from mootness. "An otherwise nonjusticiable case cannot be resurrected simply by seeking declaratory relief." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 735 (11th Cir. 2018). Absent "sufficient immediacy and reality," a declaratory judgment cannot render a case justiciable. *Id.* (*quoting Preiser*, 422 U.S. at 402). The Appellants would be hard pressed to contend "sufficient immediacy and reality" given their failure to identify even one candidate who would qualify for the November 2022 ballot but-for the 365-day rule.

Accordingly, we **GRANT** Florida's motion to dismiss the appeal as moot.[3]

---

[3] We further DENY the Appellants' motion to reconsider this Court's August 16, 2022, order, which denied the Appellants leave to file an "Addendum" to their opening brief.